JUNG KWOK HIN v. BURNETT, Immigration Inspector.

(Circuit Court of Appeals, Ninth Circuit. February 3, 1919.)

No. 3133.

ALIENS ⊂=32(8)—CHINESE EXCLUSION—EVIDENCE TO SUSTAIN ORDER OF DEPORTATION.

> Evidence *held* to sustain findings by the immigration inspector and the District Court that defendant was a Chinese alien laborer, and that he had failed to sustain the burden imposed on him by Act Feb. 5, 1917, § 19 (Comp. St. 1918, § 4289¼jj), of proving his right to remain in this country.

Appeal from the District Court of the United States for the District of Arizona; William H. Sawtelle, Judge.

Application by Jung Kwok Hin for writ of habeas corpus to Alfred E. Burnett, Inspector in Charge of Immigration Office at Tucson, Ariz. From a judgment denying the writ, petitioner appeals. Affirmed.

F. C. Struckmeyer and Joseph S. Jenckes, both of Phœnix, Ariz., for appellant.

Thomas A. Flynn, U. S. Atty., and Clifford R. McFall, Asst. U. S. Atty., both of Phœnix, Ariz., for appellee.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge. The case is fairly stated by counsel for the appellant. The latter was arrested by the appellee pursuant to a departmental warrant issued under section 19 of the Act of Congress of February 5, 1917 (39 Stat. 874, c. 29 [Comp. St. 1918, § 4289¼jj]) as a Chinese alien unlawfully in this country. Proceedings were had before the appellee, resulting in an order of deportation being made by the Secretary of Labor, directing the appellant to be deported whence he came. A petition for a writ of habeas corpus was filed by him in the court below, upon which a rule to show cause was issued and a return thereto made, upon consideration of which the court ordered the rule discharged and the appellant remanded to the custody of the appellee. It is to reverse that judgment that the present appeal was taken.

It is conceded that the appellant is a Chinese laborer, and had not the certificate of residence required by section 6 of the Chinese Exclusion Act of May 5, 1892 (27 Stat. 25, c. 60) as amended by the Act of November 3, 1893 (28 Stat. 7, c. 14 [Comp. St. § 4320]). It is further conceded that by section 19 of the Act of Congress of February 5, 1917, the burden rested upon the appellant to show his right to remain in the United States.

An attentive examination of the record shows, we think, that we would not be justified in interfering with the findings made upon the evidence by the inspector, to the effect that the appellant is a person of Chinese descent and a laborer by occupation; that under the name Ong Hoy Suie he made application at San Francisco, Cal., December 5, 1912, for preinvestigation of his status, claiming that he was born at 210 I street, Sacramento, of a father who died in China in 1894, and

of a mother who subsequently died in Sacramento; that in support of that application he offered testimony of witnesses who were discredited, and that the application was accordingly denied by the Commissioner of Immigration at San Francisco April 25, 1913; that on May 7, 1914, the appellant under the name Jung Kwok Hin—the name under which he appears in the present record—made application to the Commissioner of Immigration for preinvestigation of his status, filing that application with the Chinese inspector at Sacramento, and there claimed that he was born at 440 Dupont street, San Francisco, of a father who died in the Alameda county, Cal., infirmary October 7, 1912, and of a mother who died at Sacramento September 21, 1913; that the government officer at Sacramento recommended that the application be denied, on the ground of certain perjured testimony given by the applicant's supporting witnesses; that nevertheless the application was subsequently approved, and the applicant departed for China from the port of San Francisco September 19, 1914, and returned from China to San Francisco November 8, 1915, and was permitted to land November 10, 1915; that subsequently he proceeded to Mesa, Ariz., and resumed his employment in a restaurant at that place, where he formerly worked under the name Ong Hoy Suie.

Upon those facts, both the appellee and the Secretary of Labor determined that the appellant had not sustained the burden cast upon him by the law, which conclusion we are unable to hold erroneous.

The judgment is affirmed.